# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Charles Lee Anderson, Respondent.

Appellate Case No. 2016-001473

---

Opinion No. 27668
Submitted September 13, 2016 – Filed September 28, 2016

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex
Davis, Jr., Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Charles Lee Anderson, of Anderson, *pro se*.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement contained in Rule 413 of the South Carolina Appellate Court Rules.
In the Agreement, respondent admits misconduct and consents to a definite
suspension, not to exceed three years, or disbarment.  Respondent requests the
sanction be made retroactive to the date of interim suspension,[1] but understands
that if the Court declines to apply the sanction retroactively, the validity or
enforceability of the Agreement is not affected.  ODC does not oppose the request.
As a condition of discipline, respondent agrees to complete the Legal Ethics and
Practice Program Ethics School, Trust Account School, and Advertising School
prior to reinstatement.  We accept the Agreement and suspend respondent from the
practice of law in this state for two years, retroactive to the date of his interim

---

[1] Respondent was placed on interim suspension by order dated January 14, 2014.  *In re
Anderson*, 406 S.C. 641, 753 S.E.2d 532 (2014).

suspension.  The facts, as set forth in the Agreement, are as follows.

## Facts

## Matter A

In January 2014, respondent pled guilty to making false statements in a matter within the jurisdiction of a department or agency of the United States, in violation of 18 U.S.C. § 1001.  Respondent made one or more false, fictitious and fraudulent statements and representations in an ongoing investigation by agents of the Drug Enforcement Agency and Homeland Security of a large-scale cocaine conspiracy that led to federal charges against multiple individuals, including a client of respondent.  On June 23, 2014, respondent was sentenced to five months' imprisonment, and upon release, will be on supervised release for three years, be placed on a location monitoring program with radio frequency electronic monitoring for five months, and be required to perform 100 hours of community service or complete a week long community service project.

Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(d)(a lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c)(it is professional misconduct for a lawyer to commit a criminal act involving moral turpitude); Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

## Matter B

Respondent represented a client (Client A) in a personal injury matter.  He also represented the client's mother (Client B) in her capacity as personal representative of the estate of Client A's father.  Client A signed a contingency agreement, while Client B paid a flat fee for representation.  Respondent settled the liability portion of the personal injury matter for $25,000, which was the full amount of the policy involved, and the underinsured claim was settled for $8,000.

During the same time period, respondent reached an agreement with regard to the estate of Client A's father pursuant to which Client B would agree to pay $24,000 within ninety days to satisfy the claims of two illegitimate children, thereby freeing up the property of the estate for Client B. Client B was unable to obtain $24,000 within the ninety-day time period, so Client A verbally authorized respondent to use the monies held in trust from the personal injury settlement to pay Client B's debt with the estate. The understanding among the parties was that Client B would then obtain an equity line mortgage on the property and use the proceeds to repay Client A.

Respondent admits he should have obtained written consent from Client A before transferring any monies held in trust from the personal injury settlement. He also admits his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(a)(a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued; a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation); Rule 1.15 (requirements for safekeeping client property); and Rule 8.4(e), *supra*.

Respondent further admits the conduct constitutes grounds for discipline under Rule 7(a)(1), (4), and (5), RLDE.[2]

## **Conclusion**

We hereby suspend respondent from the practice of law in this state for two years, retroactive to the date of his interim suspension. Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School prior to reinstatement.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

---

[2] These provisions state it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct, be convicted of a crime or moral turpitude or a serious crime, and to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law.

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**